**Darrel D. BELL, Appellant,**

v.

**C. Ray SMITH d/b/a Transcare,
Appellee.**

**No. 75718.**

Court of Appeals of Oklahoma,
Division No. 3.

Feb. 4, 1992.

Lew Gravitt and Kelly L. Cornelius, Oklahoma City, for appellant.

Donald R. Hackler, McAlester, for appellee.

## MEMORANDUM OPINION

JONES, Judge:

Appellant, Darrel D. Bell, brings this appeal from the District Court's denial of his Motion for an order requiring Appellee, C. Ray Smith, to pay installment payments on Bell's previously granted judgment.

While Bell was employed with Smith, he filed a Workers' Compensation claim for a back injury and was awarded benefits totalling $28,697.01. The award was upheld by a three judge panel. Neither Smith nor Transcare has ever made a payment on the

award. On this basis, the Workers' Compensation Court accelerated the debt and certified the case to the District Court in Pittsburg County pursuant to 85 O.S. § 42 and Rule 26 of the Rules for Workers' Compensation Court which authorizes the claimant to file a final judgment as a lien on the property of C. Ray Smith. The Appellant initiated this action in the District Court as a proceeding in aid of execution on September 29, 1989. On November 8, 1989, the Court issued its order requiring Smith to show cause why he should not be ordered to pay the debt in installments. Smith was further ordered to produce records of property, stocks, bonds, salary or other income, both business and personal as well as bank statements, income tax returns and accounting records. The hearing was held on May 9, 1989. The District Court overruled Bell's Motion for failure to meet his burden of proof. Bell objects to the Court's ruling, claiming the judgment was against the clear weight of the evidence and was improper in the law.

■ On appeal from an order refusing to enforce a judgment, the Court of Appeals will examine the record and weigh the evidence as in a case of equitable cognizance and will reverse the judgment if it is clearly against the weight of the evidence or contrary to law. See *ITT Financial Services v. Powell*, 794 P.2d 768 (Okl.App. 1990). We find both errors existed at the trial court and reverse the decision.

■ Appellee claims he has no earnings from which to pay the judgment. However, the testimony at the hearing shows that for three years preceding the hearing, the Appellee and his wife, Pamela Smith, earned the following salaries:

| Year | Mr. Smith | Mrs. Smith | Total Family Income: |
|------|-----------|------------|----------------------|
| 1988 | $39,808 | $ 5,192 | $45,000 |
| 1989 | $45,000 | 0 | $45,000 |
| 1990 | 0 | $43,500 [1] | $43,500 |

Shortly after Appellee received notice that Appellant filed for certification to the District Court for listing on its judgment docket, he ceased to draw a salary from the business, even though he was the president of CSR Coach and continued to render services for the company. Subsequently, Pamela Smith began to receive a salary approximating the amount Appellee once earned, as payment for "handling all the paper work and performing secretarial duties." Family income remained the same as before. Even though Appellee had no savings, no checking account, and no car in his name, his minor children owned trust accounts, savings accounts and corporate stock. Even Appellee's mother owned some corporate stock. Pamela Smith owned 80% of the corporate stock while Appellee owned between 6 to 8%. Additionally, the company's accountant, Mr. Hill, testified that Appellee was usually in the office when he was present.

Where the judgment debtor is rendering services to a corporation owned or controlled by a relative without salary or compensation, the court may direct him to make installment payments based upon the reasonable value of the services rendered. See 12 O.S.1910 § 850. The evidence on the record shows that Appellant met his burden of proof in this regard. The burden of proof was then upon Appellee to prove good faith. He failed to meet this burden by presenting no evidence to substantiate his claim that he had no income from which to pay the judgment.

In the case of *Payne v. Gilmore*, 382 P.2d 140 (Okl.1963) the employer filed a claim for workers' compensation against his employer who did not carry workers'

---

1. Mrs. Smith testified she earned "eight hundred and some odd" dollars per week which would place her income in the range of $41,600 to $46,750:

compensation insurance. The employer transferred all his property to his wife and his minor son. The award was not paid and the employer began proceedings in aid of execution. The defendant "stripped himself of everything he owned", but continued to work at the place of business without a salary. The *Payne* Court held these facts sufficient to raise an inference of fraud to shift to the debtor the burden of going forward with the evidence. The Court reversed with orders to sustain Payne's motion stating:

> We are aware of the holding of this court in *State ex rel. Mothershead v. Mobley*, 112 Okl. 152, 241 P. 155, and similar cases, to the general effect that the burden of proving fraud is upon the one alleging it, and that fraud must be clearly proven and will not be implied. These are in accordance with the broad general rule that the burden of proof never shifts. However, it is equally well settled that the burden of going forward with the evidence can and does shift under proper circumstances. *Id.* at 145.

Appellant met his burden of proof to show the existence of sufficient income to warrant installment payments under ordinary circumstances. The debtor must then have affirmatively shown that his reasonable expenses were sufficient to offset the claim. 33 C.J.S. *Executions* § 383, n. 6. Appellee did not make this showing.

The District Court should not have overruled Appellant's Motion absent an affirmative showing by Appellee that income was insufficient to pay installments on the judgment. The judgment was rendered against the clear weight of the evidence and against the unambiguous language of 12 O.S.1910 § 850. We therefore reverse and remand for proceedings consistent with this opinion.

REVERSED AND REMANDED.

HANSEN, V.C.J., and HUNTER, J., concur.